IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20837
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTIS GIBSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-48-1
--------------------
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Otis Gibson pleaded guilty to being a felon in possession of a firearm and was sentenced to 120 months' imprisonment. Gibson seeks to appeal his sentence on the grounds that the district court erred in enhancing his sentence for assaulting a law enforcement officer and for possession of three firearms. He contends that the record reflects that he did not knowingly and voluntarily waive his right to appeal his sentence.

Gibson and the Federal Public Defender representing him signed attestations attached to the plea agreement in which they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserted that Gibson had read the plea agreement, had carefully reviewed "every part" of the agreement with his attorney, and that he understood it and voluntarily agreed to it. At the Rule 11 hearing, Gibson swore that he read and understood the plea agreement and that he had willingly signed it.

When the record clearly shows that the defendant read and understood the plea agreement and that he raised no question regarding the waiver-of-appeal provision, the plea agreement is upheld. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). The district court asked Gibson if he had read and if he understood the plea agreement. Gibson swore in the affirmative. There is nothing in the record to indicate that Gibson did not understand or was confused by the waiver-of-appeal provision. To the contrary, Gibson's and his counsel's attestations indicate that he reviewed and understood "every part" of the plea agreement. Gibson and counsel can hardly be heard to argue to the contrary now, and we deem such argument to be frivolous. We caution the Federal Public Defender that we do not look kindly upon such frivolous appeals challenging the validity of a waiver-of-appeal provision after the Federal Public Defender has negotiated the plea agreement and has then represented to the district court that the defendant has read and understood every part of that agreement.

We hold that Gibson waived his right to appeal his sentence in his plea agreement, and we DISMISS THIS APPEAL AS FRIVOLOUS. Portillo, 18 F.3d at 292-93.